DOCKET NO. 774

OCT 13 1989

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE NIFEDIPINE CAPSULE PATENT LITIGATION

TRANSFER ORDER*

This litigation presently consists of four actions pending, respectively, in the District of Colorado, the District of Delaware, the District of New Jersey, and the Southern District of New York. Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by Bayer AG (Bayer) and Pfizer, Inc., the plaintiffs in each action, to centralize the actions in the Southern District of New York for coordinated or consolidated pretrial proceedings. The defendants in all four actions oppose transfer.

On the basis of the papers filed and the hearing held, the Panel finds that centralization of all actions but the Colorado action in the Southern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The same patent is at issue in each action -- U.S. Patent No. 3,784,684 (the '684 patent), a patent granted to Bayer in 1974 that claims a pharmaceutical dosage formulation of the drug nifedipine. Centralization is therefore necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Defendants, in opposing transfer, argue that i) transfer would delay resolution of their respective actions, ii) voluntary cooperation is a preferable alternative to Section 1407 transfer, and/or iii) individual questions will predominate in the actions relating to each defendant's alleged infringement of the '684 patent. We are persuaded that the Colorado action, which is subject to an October 20, 1988, discovery cut-off, and which has been represented to us by defendant's counsel to be an action in which defendant will require a minimum of discovery and will not contest the validity of the '684 patent, is sufficiently distinct and on an advanced enough schedule to warrant its exclusion from Section 1407 proceedings in this docket. We are unable, on the basis of the record before us, to make such a determination at this time with respect to any of the remaining actions. Should the transferee judge deem remand of any actions in advance of others appropriate, procedures are available whereby this may be accomplished with a minimum of delay. See Rule 14 R.P.J.P.M.L., 120 F.R.D. 251, 259-261 (1988). And while voluntary cooperation is always laudable, we note that transfer under Section 1407 will have the salutary effect of placing actions before a single judge who can formulate a pretrial program that: 1) if appropriate, allows discovery with respect to any unique issues to proceed concurrently with discovery on common issues, In re Joseph F. Smith Patent Litigation, 407 F. Supp. 1403, 1404 (J.P.M.L. 1976); and 2)

---

\* Judge Milton Pollack recused himself and took no part in the decision of this matter.

-2-

ensures that pretrial proceedings will be conducted in a manner leading to the just, efficient and expeditious resolution of all involved actions, either in the transferee district or, upon the completion of common discovery, in the transferor districts to which the actions will be remanded.[1]

We conclude that the Southern District of New York is the most appropiate forum for this litigation. We point out that: 1) the corporate offices of common party Pfizer, Inc., are in New York, and relevant documents and witnesses can be expected to be found there; and 2) the New York forum is convenient or accessible for foreign parties and witnesses involved in the docket.

IT IS THEREFORE ORDERED that transfer pursuant to 28 U.S.C. §1407 of the action listed on the attached Schedule A and pending in the District of Colorado be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §1407, the remaining actions listed on the attached Schedule A and pending outside the Southern District of New York be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable John F. Keenan for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

*Andrew A. Caffrey*

Andrew A. Caffrey
Chairman

---

[1] Opponents to transfer have based a significant part of their opposition on their concern that the mechanics of transfer will entail delays in a litigation in which time is of the essence. We are sympathetic to this concern but view it as misplaced. We note that under 28 U.S.C. §1407(c), this transfer order is effective when filed with the transferee court, at which time the transferee judge is fully vested with authority to supervise centralized pretrial proceedings -- even before the physical arrival of files from the clerks of the involved transferor courts. We are also confident that counsel, if they deem it necessary, can 1) devise ways to assist the transferor clerks in order to expedite the physical transfer of files, and ii) provide the transferee judge with copies of any documents pertinent to rulings sought from the transferee judge.

SCHEDULE A

MDL-774 -- In re Nifedipine Capsule Patent Litigation

### District of New Jersey

Bayer AG, et al. v. Chase Chemical Company, C.A. No. 88-738 (NHP)

### District of Delaware

Bayer AG, et al. v. Kalipharma, Inc., C.A. No. 88-229 (JRR)

### District of Colorado

Bayer AG, et al. v. Cord Laboratories, Inc., C.A. No. 88-F-733

### Southern District of New York

Bayer AG, et al. v. Siegfried AG, et al., C.A. No. 88-Civ-1374 (JFK)